Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

UNICOLORS, INC., a California corporation,

Plaintiff,

v.

LAVISH BOUTIQUE LLC, a Louisiana limited liability company; THE RUSTIC LEOPARD, a Texas company; 7 ISLANDS FASHION, INC., a New York corporation; DESAREE MARIE CORPORATION, a Virginia corporation d/b/a "DASH OF SPARKLE BOUTIQUE"; JINNAH GROUP, LLC, a Texas limited liability company d/b/a "SUNSHINE & RODEOS"; DELLA DIRECT LLC, a Utah limited liability company d/b/a "She & Sho Clothing Co."; HAMPTON POINT BOUTIQUE LLC,  a Georgia limited liability company; CLOTHO J&J USA, a California corporation d/b/a "COLLECTION BY CEZELE"; STREAMLINE REMARKETING, INC., a California corporation d/b/a "MAYA ANTONIA"; MONROE & MAIN, INC., a Wisconsin corporation; SILKROLL, INC., a Delaware corporation; ROSE SWIMSUITS,

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**Jury Trial Demanded**

a business entity of form unknown; and
DOES 1 through 10,

Defendants.

Plaintiff, UNICOLORS, INC. ("Unicolors" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1.     Plaintiff seeks injunctive relief and damages stemming from Defendants', Lavish Boutique LLC ("Lavish Boutique"), The Rustic Leopard ("Rustic Leopard"), 7 Islands Fashion, Inc. ("7 Islands"), Desaree Marie Corporation ("Dash of Sparkle"), Jinnah Group, LLC ("Sunshine & Rodeos"), Della Direct LLC ("She & Sho"), Hampton Point Boutique LLC ("Hampton Point"), Clotho J&J USA ("Cezele"), Streamline Remarketing, Inc. ("Maya Antonia"), Monroe & Main, Inc. ("Monroe"), SilkRoll, Inc. ("SilkRoll"), Rose Swimsuits ("Rose"), and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

3.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

4.     The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5.     Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise

to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## **PARTIES**

6.     Plaintiff Unicolors is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

7.     Plaintiff is informed and believes and thereon alleges that Defendant Lavish Boutique is a Louisiana limited liability company doing business in and with the State of California and this district.

8.     Plaintiff is informed and believes and thereon alleges that Defendant Rustic Leopard is a Texas company doing business in and with the State of California and this district.

9.     Plaintiff is informed and believes and thereon alleges that Defendant 7 Islands is a New York corporation doing business in and with the State of California and this district.

10.     Plaintiff is informed and believes and thereon alleges that Defendant Dash of Sparkle is a Virginia corporation doing business in and with the State of California and this district.

11.     Plaintiff is informed and believes and thereon alleges that Defendant Sunshine & Rodeos is a Texas limited liability company doing business in and with the State of California and this district.

12.     Plaintiff is informed and believes and thereon alleges that Defendant She & Sho is a Utah limited liability company doing business in and with the State of California and this district.

13.     Plaintiff is informed and believes and thereon alleges that Defendant Hampton Point is a Georgia limited liability company doing business in and with the State of California and this district.

14.     Plaintiff is informed and believes and thereon alleges that Defendant Cezele is a California corporation doing business in and with the State of California and this district.

15.     Plaintiff is informed and believes and thereon alleges that Defendant Maya Antonia is a California corporation doing business in and with the State of California and this district.

16.     Plaintiff is informed and believes and thereon alleges that Defendant Monroe is a Wisconsin corporation doing business in and with the State of California and this district.

17.     Plaintiff is informed and believes and thereon alleges that Defendant Silkroll is a Delaware corporation doing business in and with the State of California and this district.

18.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

19.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of

each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

20.    Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN CE169

21.    Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name CE169 (hereinafter "Subject Design.") This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

22.    Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

23.    Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

24.    Following this distribution of products bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

25.    Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, Defendants, including certain DOE Defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design ("Subject Products.")

26.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them,

to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

27.     A comparison of the Subject Design (left) and non-exclusive exemplars of the Subject Products (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

| **Subject Design CE169** | **Subject Products Exemplars** |
|---|---|
|  | Lavish Boutique Garment:<br><br>Detail:<br> |



Rustic Leopard Garment:



7 Islands Garment:



She & Sho Garment:



Dash of Sparkle/Sunshine & Rodeos Garment:



Maya Antonia Garment:



Hampton Point/Cezele Garment:



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



SilkRoll / Monroe Garment:



Rose Garment:



1

## FIRST CLAIM FOR RELIEF

2

(For Copyright Infringement - Against All Defendants, and Each)

3     28.     Plaintiff repeats, realleges and incorporates herein by reference as

4  though fully set forth the allegations contained in the preceding paragraphs of this

5  Complaint.

6     29.     Plaintiff is informed and believes and thereon alleges that Defendants,

7  and each of them, had access to the Subject Design, including, without limitation,

8  through (a) access to Plaintiff's showroom and/or design library; (b) access to

9  illegally distributed copies of the Subject Design by third-party vendors and/or

10  DOE Defendants, including without limitation international and/or overseas

11  converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and

12  (d) garments manufactured and sold to the public bearing fabric lawfully printed

13  with the Subject Design by Plaintiff for its customers.

14     30.     Plaintiff is informed and believes and thereon alleges that one or more

15  of the Defendants manufactures garments and/or is a garment vendor.  Plaintiff is

16  further informed and believes and thereon alleges that said Defendant(s) has an

17  ongoing business relationship with Defendant retailer, and each of them, and

18  supplied garments to said retailer, which garments infringed the Subject Design in

19  that said garments were composed of fabric which featured unauthorized print

20  design(s) that were identical or substantially similar to the Subject Design, or were

21  an illegal derivation or modification thereof.

22     31.     Plaintiff is informed and believes and thereon alleges that Defendants,

23  and each of them, infringed Plaintiff's copyrights by creating, making, and/or

24  developing directly infringing and/or derivative works from the Subject Design

25  and by producing, distributing and/or selling garments which infringe the Subject

26  Design through retail stores and on-line websites.

27     32.     Due to Defendants' acts of infringement, Plaintiff has suffered

28  substantial damages to its business in an amount to be established at trial.

33.     Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

34.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

35.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

36.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37.     Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

38.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

39.     By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

40.     Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

41.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c.  That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

g.  That Plaintiff be awarded the costs of this action; and

h.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 8, 2023                          Respectfully submitted,

                                    By:  _____
                                         Trevor W. Barrett, Esq.
                                         Frank R. Trechsel, Esq.
                                         DONIGER / BURROUGHS
                                         *Attorneys for Plaintiff*